```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BECKLEY
```

STEVEN M. HUNTER,

       **Plaintiff,**

**v.**                                             **CIVIL ACTION NO. 5:04-0350**

**MARTY ANDERSON,** *et al.*,

       **Defendants.**

## MEMORANDUM OPINION

Pursuant to the court's order of March 31, 2005, in which the court overruled plaintiff's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation ["Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

### I.  Plaintiff's Objections

Plaintiff's objections appear to admit that plaintiff failed to exhaust his administrative remedies.  (See Objections, Doc. No. 30, p. 3.)  Plaintiff contends, however, that because defendants allegedly prevented him from exhausting his administrative remedies, his failure in this respect should be excused pursuant to the line of cases deeming administrative remedies "unavailable" where an inmate's access to such remedies is blocked by officials.  See, e.g., Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004).  The court is unpersuaded by plaintiff's argument.  As the magistrate judge noted in the Findings and Recommendation, plaintiff filed his complaint in this

matter before he could have appealed the report of the Discipline Hearing Officer with regard to the April 7, 2004 events involving Senior Officer Darrell Pritt.  See F & R, Doc. No. 26, p. 16.  Clearly, plaintiff could not even have attempted to exhaust his administrative remedies in this regard, let alone have been prevented from doing so.  Pursuant to the total exhaustion rule adopted by this court in Quinones v. Rubenstein, Civil Action No. 5:02-1365 (S.D. W.Va. Sept. 23, 2003), plaintiff's action must be dismissed, and the court need make no further finding with regard to plaintiff's contention that he has been prevented from exhausting his administrative remedies.

## II.  Conclusion

The court hereby OVERRULES the plaintiff's objections.  As previously stated in the court's order of March 31, 2005, the court (1) CONFIRMS and ACCEPTS the magistrate judge's findings; (2) DENIES plaintiff's motion for an emergency injunction (Doc. No. 1); (3) DENIES plaintiff's petitions requesting an emergency order requiring that he be transferred out of FCI Beckley (Doc. Nos. 4 and 6); (4) DENIES plaintiff's motion for summary judgment (Doc. No. 8); (5) DENIES plaintiff's petition requesting an order that defendants give him his original civil complaint and xerox copies and for summary judgment on his motion for an emergency order and transfer out of FCI Beckley (Doc. No. 9); (6) DENIES plaintiff's petition complaining that defendants were holding his personal legal papers and interfering with his civil cases in this court and the District

of Columbia and requesting that the court order their return (Doc. No. 12); (7) DENIES plaintiff's petition requesting that the court order that there be no contact between him and Officer Pritt and that he be transferred to another FCI (Doc. No. 13); (8) DENIES plaintiff's notice/motion complaining that defendant Russell had twice turned on his cell lights and requesting that defendant Russell be ordered to stop harassing him (Doc. No. 15); and (9) DENIES plaintiff's motion for an emergency injunction requesting that Officer Russell and Associate Warden Sue Engels be ordered to stop harassing him (Doc. No. 18).  As was further previously stated, this matter is DISMISSED without prejudice, and the Clerk is DIRECTED to remove it from the court's active docket.

The Clerk is directed to forward a certified copy of this written opinion and order to the plaintiff, pro se, and to all counsel of record.

IT IS SO ORDERED this 28th day of April, 2005.

ENTER:

David A. Faber
Chief Judge